**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-673-CVE-SH** |
| | ) | |
| **TASHANNA GOLDEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court are plaintiff's pro se complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson

v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff's complaint, in its entirety, states that "[d]efendant(s)' informal relationships with individuals need discipline." Dkt. # 1, at 1. Plaintiff has not attempted to specify the legal basis for his claims, and plaintiff's bare allegation does not suggest any basis for a claim arising under state or federal law. There is no possibility that plaintiff has alleged a claim arising under federal law, and the Court cannot exercise federal question jurisdiction over the case. Plaintiff has not alleged the citizenship of any party or alleged an amount in controversy, and there is no basis for the Court to exercise diversity jurisdiction over the case. The Court lacks subject matter jurisdiction over this case, and plaintiff's claims will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**DATED** this 26th day of October, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE